594 F.2d 699
 Leonard DILLON, by his father and next friend, D. E. Dillon, Appellee,
v.
PULASKI COUNTY SPECIAL SCHOOL DISTRICT, Dr. Winston Simpson,
Lester Hosto, Mrs. Shirley Lowery, Ed Coffman,
Hosea Harrington, J. A. Fair, Jr.,
Ernest Faucett, Bob Moore, Don
E. Elkins, Appellants.
 No. 78-1693.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Feb. 15, 1979.
Decided March 20, 1979.
 
 Henry J. Osterloh, Little Rock, Ark., for appellant; John I. Purtle, Little Rock, Ark., on the brief. Osterloh also made rebuttal.
 William P. Dougherty, Jacksonville, Ark., for appellee.
 Before HEANEY and McMILLIAN, Circuit Judges, and BENSON,* Chief Judge.
 PER CURIAM.
 
 
 1
 Leonard Dillon, a North Pulaski High School student, was expelled from school after a teacher found him kissing a girl in the hallway and after he allegedly remarked "what a drag" in a defiant manner when told to stop. School officials found, after a hearing, that Dillon's conduct violated school rules which prohibit the public display of affection on school grounds, and which require students to comply with the reasonable commands of teachers. After his expulsion, Dillon brought an action pursuant to 42 U.S.C. § 1983 in federal District Court, claiming denial of substantive and procedural due process in violation of the Fourteenth Amendment. The Honorable Elsijane T. Roy, United States District Judge for the Eastern District of Arkansas, held that, under the circumstances of the case, Dillon was denied procedural due process of law by the refusal of school officials to allow him to call the accusing teacher as a witness during his expulsion hearing, in order to help resolve disputed issues of fact. Judge Roy ordered Dillon's reinstatement, required the expungement of material relating to the expulsion from Dillon's school records, and awarded him nominal damages of one dollar. Officials of the Pulaski County Special School District appeal.
 
 
 2
 We have carefully reviewed the briefs and the record and affirm on the basis of Judge Roy's opinion. Leonard Dillon v. Pulaski County Special School District, et al., No. LR-C-78-59 (E.D.Ark., Aug. 15, 1978).
 
 
 3
 BENSON, Chief District Judge, concurring.
 
 
 4
 I concur with the result. It is my understanding that this Court's holding that the appellee student had a procedural due process right to cross-examine the teacher is limited to the circumstances disclosed by the record before the court in this case.
 
 
 5
 The case was presented to the District Court on a stipulation of facts which, fairly interpreted, establishes only that the student, a sixteen-year-old with no showing of a prior record of infraction of school rules, was expelled for an indefinite period. The expulsion was based on an allegation by the teacher sought to be cross-examined, that the student had been found kissing a girl in a school hallway in violation of school rules and regulations, and that he made a defiant remark when confronted by the teacher. The student did not admit the infraction of the rules or the defiant remark. Although the teacher was present at the hearing before the school board, she was not asked to testify and the student was denied the opportunity to have her questioned. Under the circumstances and pursuant to the rationale of Goss v. Lopez, 419 U.S. 565, 577-584, 95 S.Ct. 729, 42 L.Ed.2d 725 (1975), the student should have been given an opportunity to conduct a limited examination of the teacher as to what she observed and heard, and whether she did in fact interpret the alleged remark as being directed to her and as being defiant.
 
 
 
 *
 PAUL BENSON, Chief Judge, United States District Court for the District of North Dakota, sitting by designation